UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:08CR2-PPS |
| ) | |
| MICHAEL CAZY, ) | |
| ) | |
| Defendant. ) | |

# OPINION AND ORDER

On August 21, 2008, Michael Cazy pled guilty to one count of bank robbery and one count charging the use of a firearm during and in relation to the bank robbery. [DE 123]. Cazy was later sentenced to an aggregate prison term of 105 months, to be followed by a three-year term of supervised release. [DE 198]. The judgment also imposes a restitution obligation in the amount of $21,831.00, which Cazy owes jointly and severally with specified co-defendants. [*Id.* at 6-7]. The judgment has this to say about when and how the restitution is to be paid:

> The restitution shall be paid in full immediately. In the event that the restitution cannot be paid in full, the remaining restitution shall be paid at a minimum rate of $40.00 per month commencing 30 days after placement on supervision until said amount is paid in full.
>
> The defendant shall make restitution payments from any wages earned in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

*Id.* at 7.

Writing from the Federal Correctional Institution in Bennettsville, South Carolina, Cazt has filed motions seeking modification of the judgment's restitution provisions. Cazy indicates that his prison account would be hard-hit by payments toward his restitution, as he currently earns little more than $5.00 per month and receives no money from his family. Cazy asks me to order that he does not need to make restitution payments until he gets out of prison. Such payments are provided for in the judgment, to begin 30 days after Cazy is released from prison and starts his term of supervised release. Apparently, prison authorities are acting on the basis of the next sentence of the judgment, the provision for restitution payments being taken from prison wages in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program.

The authority of sentencing courts to amend a sentence previously imposed is very limited. But in this instance, I find two bases for modifying the judgment to delete the requirement of restitution payments being made from any prison wages via the IFRP. First, 18 U.S.C. §3664(k) authorizes a sentencing court to adjust a restitution payment schedule when the court is notified of a material change in a defendant's economic circumstances, "as the interests of justice require." Second, the judgment's inclusion of the requirement of payments from any prison wages pursuant to the IFRP was plain error, as explained in subsequent decisions of the Seventh Circuit Court of Appeals.

Federal inmates' participation in the Inmate Financial Responsibility Program is voluntary: "an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP, but the inmate's participation cannot be compelled." *United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010). The Seventh Circuit therefore found a judgment requiring participation to be erroneous:

2

> The court overstepped its bounds when it ordered [defendant] to participate in the IFRP. We conclude that this error was plain. That term of the judgment cannot be enforced as written, and the Bureau of Prisons cannot look to it as authority for compelling [defendant] to participate in the IFRP. [Defendant's] participation, like that of all imprisoned defendants, must remain voluntary, though subject to the loss of privileges identified in 28 C.F.R. §545.11(d).

*Id*. at 335. *See also United States v. Munoz*, 510 F.3d 989, 997 (7th Cir. 2010). I now realize I erred in including the provision about wage payments under the IFRP in Cazy's judgment. And on the strength of Cazy's motions, I conclude that his limited financial resources while in prison do not reasonably support a requirement of monthly payments toward restitution while he is incarcerated. I will grant Cazy's motions for modification of the terms applicable to his restitution, and order that he is not required by the judgment to make restitution payments while serving his prison term.

Cazy has also submitted a letter addressed to the Clerk of Court in which he asks for a copy of his plea agreement, and a Seventh Circuit Transcript Information Sheet by which he seems to attempt to order a transcript of the sentencing hearing but without offering any payment. The docket of the case reflects that no transcript of the sentencing has ever been prepared and filed. A common but mistaken assumption is that the court file always contains transcripts of all court proceedings. Although a court reporter took and maintains the record of each hearing, the initial preparation of a transcript of any court proceeding (other than for the court itself at the judge's request) involves payment of the fees of the court reporter:

> Upon the request of any party to any proceeding which has been so recorded *who has agreed to pay the fee therefor*...the reporter...shall promptly transcribe the original records of the requested parts of the proceedings and attach to the transcript his official certificate, and deliver the same to the party or judge making the request. The reporter...shall promptly deliver to the clerk for the records of the court a certified copy of any transcript so made.

3

28 U.S.C. §753(b) (emphasis added). Where no transcript already exists, Cazy's request would involve the expenditure of public funds to pay the fees of the court reporter for the transcribing and preparation of the transcript. The issue is governed by 28 U.S.C. §753(f) and the Supreme Court's decision in *United States v. MacCollom*, 426 U.S. 317 (1976). The statute "provides for a free transcript for indigent prisoners asserting a claim under §2255 if a judge certifies that the asserted claim is 'not frivolous' and that the transcript is 'needed to decide the issue.'" *Id*. at 320-21.

Cazy does not indicate why he seeks the plea agreement and sentencing transcript. He has never filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255, and makes no showing now that he has a non-frivolous claim for relief for which a sentencing transcript is necessary. As was the case in *MacCollom*, Cazy did not take a direct appeal, which was an opportunity for a free transcript without any particular showing being required of him. The Supreme Court noted that "having forgone that right, and instead some years later having sought to obtain a free transcript in order to make the best case he could in a proceeding under §2255, respondent stands in a different position." *Id.* at 324-25. The only basis for preparing the requested transcript at government expense is found in §753(f), and Cazy does not show that he satisfies its requirements. His request for a free transcript will be denied. Because the plea agreement is only seven pages and Cazy appears to be an indigent prisoner, I will direct the Clerk to provide Cazy a copy without requiring him to pay the otherwise applicable per-page fee and provide a self-addressed stamped envelope.

ACCORDINGLY:

Michael Cazy's motions for modification of the restitution payment schedule [DE 390 & 415] are GRANTED pursuant to 18 U.S.C. §3664(k). Michael Cazy is not required to make payments toward his restitution obligation while imprisoned, and minimum monthly payments are required to commence 30 days after his placement on supervision, as provided for in the Judgment dated December 3, 2008 [DE 198].

In addition to the copy to be served upon defendant Michael Cazy, the Clerk shall provide a copy of this order to the Warden of the Bureau of Prisons institution where Michael Cazy is currently incarcerated.

In response to defendant Michael Cazy's letter filed July 1, 2013 [DE 413], the Clerk shall provide a copy of Cazy's plea agreement [DE 113] to him at the institutional address shown on his letter.

To the extent that Cazy's Transcript Request form [DE 414] requests a free transcript of his sentencing hearing, the request is DENIED.

**SO ORDERED**.

ENTERED: July 2, 2013

s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT